## C. H. JONES v. STATE.

No. A-2982. Opinion Filed October 8, 1918.

(175 Pac. 556.)

INTOXICATING LIQUORS—Unlawful Transportation—Evidence. In a prosecution for unlawfully conveying intoxicating liquor, the record and evidence examined, and **held** that no material error was committed on the trial and the evidence is sufficient to sustain the conviction.

*Appeal from County Court, Cotton County;*
*J. C. Norman, Judge.*

C. H. Jones, convicted of a violation of the prohibitory law, appeals. Affirmed.

*Charles Ruth,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, C. H. Jones, was convicted in the county court of Cotton county on an information charging that in said county, on the 3rd day of January, 1917, he did then and there willfully and unlawfully transport and convey 299 quarts of whisky from the town of Randlett to a point five miles north of said town on the public road adjoining the farm of Mr. Gallant, in Cotton county. His punishment was fixed at 30 days'

confinement in the county jail and a fine of $350. From the judgment rendered in accordance with the verdict, an appeal was perfected by filing in this court on April 17, 1917, a petition in error with case-made.

The evidence shows that the officers came upon the defendant Jones and a man named Reddell on the public highway at the point alleged in the information. They had a Cadillac car and one of the tires was off; the officers searched the car and found 299 quarts of whisky in sacks; they also found a gun in the car with the whisky. L. O. Watson testified:

That he had a conversation with the defendant, Jones, and he said "that if he had another casing they would not have got him; that he was a fool for not having another casing along." He also said that "a man is a fool who would not take along an extra tire on a trip like that, and that if he had an extra casing the officers would not have gotten him." That he verified the information in this case, and he saw his deputies unloading the whisky at Walters.

There was no evidence offered on the part of the defendant.

The errors assigned are:

The court erred in overruling defendant's motion to quash the information and the warrant in this case. The court erred in overruling the defendant's motion to quash the venire of jurors. The court erred in overruling the objections of the defendant to the testimony of L. O. Watson, Clarence Carter, Cleeve Hooper, and C. E. Cook. The court erred in refusing to direct a verdict for the defendant. The court erred in refusing to give certain requested instructions and in giving certain instructions over the defendant's objections. That the verdict is contrary to the law and the evidence.

Upon a careful consideration of the record, our conclusion is that the technical questions raised by the errors

assigned are destitute of merit; the information was sufficient, and the instructions given by the court fully and fairly cover the law of the case. The evidence is conclusive of the defendant's guilt. It is our opinion that on the undisputed facts, and the law as we understand it, the defendant was properly and legally convicted. The letter and spirit of the law is that if the defendant has had a fair trial, and if this court is satisfied that the verdict against the defendant was not reached by error, or as the result of passion or prejudice, the conviction should be affirmed.

Finding no substantial error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.